· STATE v. C. E. HILL.

(Filed 15 April, 1914.)

**Landlord's Lien — Guests—Surreptitious Departure—Trials—Questions for Jury.**

When there is evidence that one having received accommodation at a hotel left with his baggage without notice to the proprietor and without having paid his hotel bill, it is sufficient for conviction, under ch. 816, Laws 1907; Pell's Rev., 3434a; it being for the jury to determine whether he surreptitiously removed the baggage to defeat the landlord's lien (Rev., 2037), the statute not requiring proof or charge of intent to defraud in such instances.

APPEAL by defendant from *Lane, J.,* at March Term, 1914, of GUILFORD.

*Attorney-General T. W. Bickett and Assistant Attorney-General T. H. Calvert for the State.*
*Thomas J. Gold and Stern & Duncan for defendant.*

CLARK, C. J. The defendant was tried in the Municipal Court of High Point for violation of ch. 816, Laws 1907; Pell's Rev., 3434a, and found guilty. On appeal to the Superior Court he was again found guilty and appealed.

The warrant charged that the defendant "did willfully, maliciously, and unlawfully obtain and procure board and lodging at the Elwood Hotel and did abscond, surreptitiously removing his baggage therefrom, without paying for said board and lodging, having obtained same with intent to defraud the proprietor of said hotel." The evidence is that he registered at said hotel, and was assigned to a room, to which he went, his

hand baggage being carried up by a servant. The next morning, by his order, breakfast was sent to his room. Later in the day he was seen in the lobby and disappeared, having carried off his baggage and leaving his bill unpaid.

The only question that is presented is the sufficiency of the evidence to go to the jury. The defendant could not be indicted, of course, for nonpayment of the debt, but he is guilty only if the jury finds that he obtained board and lodging and absconded, surreptitiously removing his baggage.

Rev., 3434a, prescribes three classes of offenses:

1. If any person obtains any lodging, food or accommodation at an inn, boarding-house, or lodging-house, without paying therefor, with intent to defraud the proprietor or manager thereof.

2. Or obtains credit at such an inn, boarding-house, or lodging-house by the use of any false pretense.

3. Or, after obtaining credit or accommodation at an inn, boarding-house, or lodging-house, absconds and surreptitiously removes his baggage therefrom, without paying for his food, accommodation, or lodging.

This last does not require proof or charge of intent to defraud. The landlord had a lien upon his baggage (Rev., 2037), and the abrupt departure of the defendant from the hotel and removing his baggage without notice to the proprietor and without paying his bill was an absconding and made him guilty if the baggage was removed surreptitiously and there was evidence from which the jury could so find.

There may happen instances where a guest must leave suddenly and without notice, and without any intention to defraud the proprietor.. But in such case it is always open to him to show why he left without paying, and he will always take the promptest measures to forward payment to the proprietor. But there is here no evidence of such necessity for abrupt departure without notice, nor of any effort to send payment for his board to the proprietor. Indeed, on this evidence the jury might have inferred reasonably that the defendant was guilty on the first part of the bill for obtaining the accommodation with intent to defraud.

No error.